**In the Matter of G.A.C. CORPORATION, Bankrupt.**

**Bankruptcy No. 76–131–NCR–B.**

United States Bankruptcy Court, S. D. Florida.

Sept. 16, 1981.

Sam Rothman, Washington, D.C., for Dept. of Housing and Urban Development.

Irving Mark Wolff, P.A., Miami, Fla., of counsel for Halfonds.

Dennis E. LaRosa, Tallahassee, Fla., for Dept. of Business Regulation, Division of Florida Land Sales and Condominiums.

Harry L. Durant, Smathers & Thompson, Miami, Fla., for Oppenheimer & Co.

Allen H. Merril, William Struyk, Cravath, Swaine & Moore, New York City, Jerry B. Crockett, Steel, Hector & Davis, Miami, Fla., for Chem. Bank, Indenture Trustee.

Paul B. Anton, Adams, Anton, Robbin, Resnick, Scheider & Mager, P.A., Hollywood, Fla., for Mailman Devp. Corp.

Milton B. Hyman, Irell & Monella, Los Angeles, Cal., special tax counsel for Co-Trustee.

James Edward Yacos, P.A., Miami, Fla., for Co-Trustees.

Britton, Cohen, Kaufman, Benson & Schantz, Miami, Fla., for debtor.

Leonard H. Gilbert, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for Polk, Collier and Osceola Counties.

Murray B. Weil, Jr., Fuller, Feingold, Weil & Scheer, Miami Beach, Fla., for Class Action Plaintiffs.

Larry J. Hoffman, Greenberg, Traurig, Hoffman & Lipoff, Miami, Fla., for Corp. Creditors' Comm.

Louis Phillips, Phillips & Phillips, Herbert L. Brill, Layne & Brill, Miami, Fla., Jack Meyorwitz, New York City, for debentureholders.

Sidney Roberts, Robert Gloistein, Orrick, Herrington, Rowley & Sutcliff, San Francisco, Cal., John H. Gunn, Gunn, Venney & Buhler, Miami, Fla., for B of A, Indenture Trustee.

Nemser & Nemser, Mortimer A. Shapiro, New York City, for Protective Committee for Senior Debentureholders of "CREDIT".

Frank J. Callhan, Herbert S. Freehling, Miami, Fla., Co-Trustees.

Elliot L. Miller, Robert L. Weintraub, GAC Properties Inc., Miami, Fla., Marvin Hartung, Conboy, Hewitt, O'Brien & Boardman, New York City, for GAC Corp., debentureholders.

Carl K. Hoffmann, Bradford, Williams, McKay, Kimbrell, Hamann, Jennings & Kinskern, P.A., Miami, Fla., Peter T. De Koszmovszky, Shearman & Sterling, New York City, for Citibank, N.A., Indenture Trustee.

John R. Camp, Jr., Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., for Chapter X Co-Trustees.

Richard H. Millen, Herbert Wolas, Robinson & Wolas, Los Angeles, Cal., Martin Sandler, Sandler & Sandler, P.A., Miami, Fla., for Calif. Creditors' Committee.

W. F. Esslinger, Miami, Fla., R. Joel Weiss, Hollywood, Fla., Gordon Coughlin, Coughlin & Gerhart, Binghamton, N.Y., for creditors.

Samuel H. Freeman, New York City, for Mabel E. Duane, Evan G. Duane and George B. Duane.

Robert M. Brake, Coral Gables, Fla., I. Walton Bader, Bader & Bader, White Plains, N.Y., for claimants.

Gerwin, Ehrenclou, Kessler & Weingarten, P.C., New York City, for Objectant, Barbara Gerwin.

Law Offices of Jay H. Hernberg, Fort Lauderdale, Fla., for John Feldmayer and Estelle Clark.

Paul & Thompson, Miami, Fla., James M. Barton, Cummings & Lockwood, Greenwich, Conn., Keith Heller, Minneapolis, Minn., for Cedar Riverside Properties.

Podhurst, Orseck & Parks, P.A., Miami, Fla., for Co-Counsel Aura Associates.

Edward Read Barton, Allegan, Mich., for Gerald Foster.

Robert Rosenberg, Cole & Deitz, New York City, for Nat. Bank of North America.

Martin E. Silfen, P.C., New York City, Hugh Sawyer, St. Petersburg, Fla., for Lot Purchasers.

Wakefield, Hewitt & Webster, Miami, Fla., for 4 lot purchasers.

Harold Shapiro, Miami Beach, Fla., for Abraham Simon.

Henry A. Pominville, P.C., Bay City, Mich., for Thomas J. Drummond and Nancy J. Drummond.

Thomas M. Baumer, Mahoney, Hadlow & Adams, Jacksonville, Fla., for Trustees of Barnett Mortgage Trust.

Prunty, Ross & Olsen, Miami, Fla., for 700 Claimants in Foreign Countries.

Vincent F. Sabatini, Sabatini & Budney, Newington, Conn., for Edward G. & Mary A. Presta.

Martin B. Whitaker, Washington, D.C., for Tax Division, Dept. of Justice.

William K. Zewadski, Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, Fla., for Mrs. Duncan.

Robert A. Greenfield, Los Angeles, Cal., for H. F. Ahmanson.

Robert E. McGarry, McGarry & Brody, St. Paul, Minn., for Ellery A. & Helen M. Likens, Jr.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Roland International Corp.

Pauline M. Stevens, Los Angeles, Cal., for Bank of America.

Peter C. Jones, Welbaum, Zook, Jones & Williams, Miami, Fla., for Travelers Indemnity.

Steven D. Tipler, McDonald, Brown & Tipler, Birmingham, Ala., for Chas. Mullens.

THOMAS C. BRITTON, Bankruptcy Judge.

*Certification as to Special Charges and Referee's Salary and Expense Fund*

These Chapter X cases are governed by the provisions of the Bankruptcy Act of 1898 as amended, § 241(1) of which provides for "reasonable compensation for services rendered . . . (1) by a referee". That section further provides that the compensation of the referee shall not be governed by § 40 of the Act. Section 40 provides a percentage charge to be collected from the assets of all other bankruptcy cases for payment into the Referee's Salary and Expense Fund administered by the United States Treasury to fund all bankruptcy courts. The application of the percentage fee stipulated in § 40 would produce a payment in excess of $5 million from this estate.

Section 241(1) dates back to the time when bankruptcy referees were fee officers and the charge contemplated was, no doubt, to be calculated on the basis of the time spent by the referee times an hourly rate determined in the same manner provided for the determination of all other fees allowable from the estate. In 1975, the Bankruptcy Rules provided for the reference of Chapter X cases to the bankruptcy judge and B.R. 10–103(a) now requires that this charge be fixed by the bankruptcy judge rather than the district judge. 6A *Collier on Bankruptcy* (14th ed.) ¶ 13.03[2].

These cases were filed in late 1975 and early 1976. A plan has been confirmed and consummated. It is now appropriate to fix this charge incident to the closing of the cases.

This consolidated case is the largest one filed so far in this state. It involved over 40,000 creditors and the plan distributed assets with an estimated value in excess of $255 million. Most of the case was administered by my late colleague, Judge Hyman, who died on October 1, 1979. I have reviewed the entire file in an effort to estimate the time spent on this matter by him as well as the time spent by me as his successor in this case. I estimate that a total of 2,200 hours approximately twenty percent of the court's time, was spent in the administration of this case.

There is no definite standard for fixing the hourly compensation to be provided in the allowance of this charge. If this charge were to be assessed by the same standards applied for the assessment of all other fees, a reasonable charge would be about $200,000. The S.E.C., however, has consistently recommended in other Chapter X cases that the hourly rate to be used in this instance should be $20 per hour based on a work year of about 2,000 hours and a judge's salary which averaged $42,500 per year during this interval.

I agree with the S.E.C. The allowance payable to the U.S. Treasury for the Referee's Salary and Expense Fund in this case is $44,000.

The sum makes no provision for the government's expense in providing clerical personnel and facilities to process the mountain of paper involved in the administration of a case like this one, but the only provision in Chapter X for reimbursement of these expenses is provided by § 40 c(3) of the Act of 1898. That section provides for the establishment from time to time of a schedule of specific charges for specific clerical tasks. The Clerk of this court reports and I certify that the special charges total $14,845.25. This sum is to be paid to the U.S. Treasury for the account of the Referee's Salary and Expense Fund.